IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY JOSEPH STEIGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:19-CV-599-ECM-SMD |
| | ) | [WO] |
| UNITED STATES PROBATION | ) | |
| OFFICER - MARCUS SIMMONS, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas

Corpus filed by Bradley Steiger ["Steiger"]. At the time he filed the petition, Steiger was

detained at the Montgomery County Detention Facility in Montgomery, Alabama,

following his extradition from California on an arrest warrant issued for his violation of a

term of supervised release. Doc. 1-2 at 1–2. Steiger's supervised release was imposed as

part of a judgment entered against him by this Court on October 25, 2001, for violations of

18 U.S.C. § 2251(a), Sexual Exploitation of Children, 18 U.S.C. § 2252A(a)(5)(B),

Possession of a Computer or Other Storage Media Containing Child pornography, and 18

U.S.C. § 2252(a)(2)(A), Receipt of Child Pornography. Doc. 1-2 at 1; *United States v.*

*Steiger,* Case No. 2:00-cr-170-WHA (M.D. Ala. 2001). Steiger was sentenced to a total

term of 210 months imprisonment followed by a three-year term of supervised release. *Id.*

Steiger brings this habeas petition challenging the legality of his extradition "from state of residence." Doc. 1 at 2. To support his challenge, Steiger claims (1) he was denied a preliminary hearing to challenge probable cause for his arrest on a probation violation (2) he was extradited from California to Alabama based on an arrest warrant that was "void ab initio" (3) at the time of his arrest his supervised release term had expired based on the tolling provision of 18 U.S.C. § 3624(e) (4) he was denied the right to choose his state of residency, his right to familial association, his right to vote, and his right to participate in the federal veteran's administration re-entry housing program and other programs designed to facilitate his return to society and (5) malicious prosecution and false arrest. Doc. 1 at 3–5; Doc. 1-1 at 1.  For relief, Steiger requests that: (1) the instant proceeding be sealed (2) a hearing be set on the petition (3) a declaration that his term of supervised release has expired and (4) his immediate release from federal custody, (5) return of unlawfully seized property, (6) costs and expenses associated with his return to California and loss of property and (7) any other relief available.[1] Doc. 1 at 5.

Respondent filed a Response and supporting evidentiary materials arguing the Petition is due to be dismissed because the relief sought by Steiger—that he be released from detention and discharged from his supervised release term on the basis that the term is expired—was previously addressed and denied by this Court and the United States District Court for the Northern District of California. *See* Docs. 23-1, 23-2, 23-3.

---

[1] To the extent the relief requested includes a request for damages, the law is settled that damages are not an appropriate or available remedy in habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973). Requests for return of allegedly unlawfully seized property may be made by filing an appropriate motion in the district court where property was seized. *See* Fed. R. Crim. P. 41(g).

Respondent further argues that Steiger's petition is due to be denied as an impermissible shotgun pleading which fails to comport with the requirements of Rule 2 of the Rules Governing Habeas Corpus Cases. Doc. 23 at 5–8. Specifically, Respondent argues that Steiger's petition contains multiple grounds for relief that allege only conclusory and vague factual allegations which are insufficient to provide Respondent with adequate notice of the claims presented and the grounds on which each claim rests. *Id.* The undersigned granted Steiger an opportunity to respond to Respondent's response and he did so. Doc. 26. The undersigned notes that during the pendency of this case, Steiger was released from his term of supervised release. *See U.S. v. Steiger,* Case No. 2:00-cr-170-ECM (Doc. 354 – *Order granting Motion for Early Termination of Supervised Release*).

## II. DISCUSSION

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). On June 11, 2019, federal authorities arrested Steiger in California for violating the conditions of his supervised release. *See Steiger,* Case No. 2:00-cr-170 (Doc. 297). At a preliminary revocation hearing held on September 3, 2019, it was ordered that Steiger be released from custody based on the Government's failure to present sufficient evidence that he had committed the offense charged. *Id.* at Doc. 318. On April 9, 2021, this Court granted Steiger's request for early termination of his supervised release term. *Id.* at Doc. 354.

To obtain relief in this habeas action, Steiger must demonstrate that he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist at all time in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation  marks and citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal

quotation marks and citation omitted). *See also Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot).   In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if:  (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought.  *Soliman,* 296 F.3d at 1242.

While there is a presumption of adverse collateral consequences when an underlying criminal conviction is being attacked, in *Lane v. Williams*, 455 U.S. 624 (1982), the Supreme Court refused to extend the presumption of collateral consequences to a prisoner's challenge to the parole portion of his sentence and not his conviction. To overcome the mootness issue that arose upon the expiration of his sentence, the habeas petitioner was required to prove the existence of collateral consequences. In this case, Steiger's primary objective in filing this action were his release from detention and discharge from supervised release. During the pendency of this case,  Steiger was released from detention and this Court granted his request for early termination of his supervised release term. A ruling in Steiger's favor, therefore, would not provide him with meaningful habeas relief on his claims nor is there any allegation he would be subject to any future adverse consequences related to his claims for relief. *Lane*, 455 U.S. at, 632–33; *see also Spencer*, 523 U.S. at 14 ("declin[ing] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation" once that term expired); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding that the mere possibility of future consequences was too speculative to give rise to a case or controversy).

Because Steiger was released from detention and granted an early release from his term of supervised release during the pendency of this case, there is no longer a case or controversy to litigate. Steiger's request for habeas relief is therefore moot and the petition is due to be dismissed. *See United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding that challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief).

III.   **CONCLUSION**

Accordingly, the undersigned Magistrate Judge RECOMMENDS the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Bradley Steiger be DISMISSED with prejudice as moot.

It is ORDERED that **by May 27, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of May, 2022.


　　　　　　　　　　　　 /s/  Stephen M. Doyle
　　　　　　　　　　　　STEPHEN M. DOYLE
　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE